UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SHEILA D. ROSS | * | CIVIL ACTION NO.   09-0294 |
| VERSUS | * | MAG. JUDGE KAREN L. HAYES |
| MICHAEL J. ASTRUE,<br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION | * | |

### MEMORANDUM RULING

Before the court is a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412.  [doc. # 21].  Plaintiff's motion seeks fees of $ 4,799.20 (28 hours x $ 171.40/hr.) and costs of $ 350.00, for a total award of $ 5,149.20.[1]  The Commissioner opposes the motion insofar as it seeks fees computed at a rate in excess of $ 150 per hour.  *See* Def. Response [doc. # 23]), and plaintiff's counsel does not opposed the reduction of fees to $150 per hour. *See* Plaintiff's. Reply [doc. #30].  For reasons stated below, plaintiff's motion is GRANTED, as modified.

I.      **EAJA and Reasonableness of Hours Claimed**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A party who obtains a remand of a social security appeal pursuant to the

---

[1] In her motion, plaintiff requests a fee award of $ 4,798.00.  However, 28 hours multiplied by a requested hourly rate of $ 171.40 produces a total of $ 4,799.20.  As the court is reducing the requested fee on other grounds, the discrepancy proves immaterial.

fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[2] The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that they are reasonable in the amount of time spent on the services performed.

II.     **Hourly Rate**

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

The EAJA provides in relevant part that the amount of fees awarded:

28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

Recently, in *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $ 150 for attorney work performed in 2008

---

[2] On July 8, 2010, the court entered judgment reversing and remanding this case to the Commissioner for further proceedings. (July 8, 2010, Judgment [doc. # 20]).

and beyond. *See Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment). Applying the same rationale here, plaintiff's claimed hourly rate will be reduced to $150.[3] Accordingly,

The Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412, [doc. # 21] filed by plaintiff Sheila D. Ross is hereby GRANTED, as modified. The Commissioner shall remit to plaintiff's counsel a check made payable to plaintiff, SHEILA D. ROSS, for attorney fees in the amount of $ 4,200 (28 hours at $ 150 per hour) plus costs of $ 350.00.[4]

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of October 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[3] Moreover, plaintiff does not oppose a reduction of her requested hourly rate to $ 150.00. (Pl. Reply).

[4] This court recently determined that EAJA fees should be payable to plaintiff, with the check delivered to plaintiff's counsel – notwithstanding an assignment of fees by plaintiff. *McLeland v. Astrue*, Civil Action No. 09-0219 (W.D. La. 9/13/2010) [doc. #s 44-5] (James, J.).